ELI A. FUCHSBERG
The Jacob D. Fuchsberg Law Firm, LLP
3 Park Avenue, Suite 3700
New York, NY 10016
(212) 869-3500
e.fuchsberg@fuchsberg.com
*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VERONICA BENNETT,

                                Plaintiff,

    -against-

UNITED STATES OF AMERICA, and
JOSEPH P. ADDABBO FAMILY HEALTH CENTER, INC.,

                                Defendants.
------------------------------------------------------------------------X

**CIVIL ACTION NO.:**

**COMPLAINT**

ECF Action

Plaintiff VERONICA BENNETT, by her attorneys, THE JACOB D. FUCHSBERG LAW FIRM, LLP, as and for their Verified Complaint, allege as follows, upon information and belief:

## INTRODUCTION

1. This is an action against the defendant UNITED STATES OF AMERICA under the Federal Tort Claim Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence and professional malpractice in connection with the medical care provided to plaintiff VERONICA BENNETT, by defendant UNITED STATES OF AMERICA, and defendant JOSEPH P. ADDABBO FAMILY HEALTH CENTER, INC. ("ADDABBO").

2. The claims herein are brought against the defendants pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the defendants' negligence and professional malpractice.

3. Plaintiff VERONICA BENNETT has fully complied with the provision of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Annexed hereto as **Exhibit 1** is a copy of the Standard Form 95.

4. Plaintiff VERONICA BENNETT is now timely filing this Complaint pursuant to 28 U.S.C. § 2675(d)(5) and 28 U.S.C. § 2401(b) after receiving the letter notice of final determination of administrative claim, dated July 19, 2018, from the U.S. Department of Health & Human Services. Annexed hereto as **Exhibit 2** is a copy of the letter notice.

## PARTIES, JURISDICTION AND VENUE

5. At all pertinent times, plaintiff VERONICA BENNETT resided at 193-30 Jamaica Avenue, Apt. C-7, Hollis, NY 11423.

6. Defendant UNITED STATES OF AMERICA though its agency United States Department of Health and Human Services, operates the Joseph P. Addabbo Family Health Center, Inc., located at 12-88 Central Avenue, Far Rockaway, NY 11691.

7. Defendant UNITES STATES OF AMERICA, including its directors, officers, operators, administrators, employees, agents and staff at the Joseph P. Addabbo Family Health Center, Inc., as well as Defendant JOSEPH P. ADDABBO FAMILY HEALTH CENTER, INC., are sometimes collectively referred to as the "Addabbo Defendants."

8. The defendants herein have done business in this State and/or have conducted and/or transacted business in this State, have committed one or more tortious acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of this Court.

9. At all pertinent times, defendant ADDABBO owned, operated, controlled, and managed a hospital and/or health care center pursuant to the laws of the State of New York for the care of the sick, located at 12-88 Central Avenue, Far Rockaway, NY 11691, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including plaintiff VERONICA BENNETT, could be treated for various ailments.

10. At all pertinent times, defendant ADDABBO was a federally funded and operated healthcare provider.

11. At all pertinent times, defendants UNITED STATES OF AMERICA and ADDABBO stood in such a relationship with each other in their care and treatment of plaintiff VERONICA BENNETT as to make each liable for the acts and omissions of the other.

## GENERAL ALLEGATIONS OF MEDICAL MALPRACTICE

12. On or about February 22, 2017, plaintiff VERONICA BENNETT (sometimes hereinafter "Ms. Bennett") presented to the Joseph P. Addabbo Family Health Center, Inc., and met with Dr. Sunitha Jacob, with complaints including left-sided weakness, slurred speech, difficulty walking, unsteady gait, dragging of the left foot,

3

and dizziness. The medical records indicate that Ms. Bennett had "Possible TIA [Transient Ischemic Attack] v. Anxiety due to life stress". Ms. Bennett was having Transient Ischemic Attacks and/or a stroke at the time of her treatment with Dr. Jacob and the Joseph P. Addabbo Family Health Center Inc. However, Ms. Bennett was neither provided nor referred for an immediate stroke work-up and/or treatment of her stroke. Ms. Bennett had previously presented to St. John's Episcopal Hospital the evening before but was discharged. Dr. Jacob recommended that Ms. Bennett see a radiologist and neurologist by the following week. Dr. Jacob failed to timely send Ms. Bennett to a hospital for her emergent condition and failed to timely provide appropriate medications, including antiplatelet medications such as aspirin. That evening, on February 22, 2017, Ms. Bennett presented to Northwell North Shore University Hospital and was promptly diagnosed with an ischemic stroke. Ms. Bennett was placed on medications including aspirin, Lovenox (low-molecular weight heparin) and Plavix. Ms. Bennett was 53 years of age and working at the time of her stroke.

13. As a result of the Stroke(s), Ms. Bennett suffers left sided-hemiparesis, is unable to walk without an assistive device, and suffers facial paralysis, along with other severe and permanent injuries. Ms. Bennett is no longer able to work.

14. As a result of the negligence of the Addabbo Defendants, including the failure to timely and appropriately treat Ms. Bennett for her stroke and refer Ms. Bennett for immediate medical treatment, Ms. Bennett has suffered injuries including the left sided-hemiparesis, inability to walk without an assistive device, facial paralysis, and inability to work.

15. From on or about February 22, 2017, and prior and subsequent thereto, plaintiff VERONICA BENNETT sought the professional care of defendant UNITED STATES OF AMERICA for certain medical complaints, including, but not limited to, neurological signs and symptoms of dizziness, unsteady gait, foot droop, and other focal neurological deficits, as well as elevated blood pressure.

16. From on or about February 22, 2017, and prior and subsequent thereto, defendant UNITED STATES OF AMERICA, its agents, servants, employees, contractors, and/or subcontractors rendered continuous medical, emergency medical, diagnostic, consulting, neurologic, and/or other medical care, treatment and services to plaintiff VERONICA BENNETT.

17. From on or about February 22, 2017, and prior and subsequent thereto, plaintiff VERONICA BENNETT sought the professional care of defendant ADDABBO for certain medical complaints, including, but not limited to, neurological signs and symptoms of dizziness, unsteady gait, foot droop, and other focal neurological deficits, as well as elevated blood pressure.

18. From on or about February 22, 2017, and prior and subsequent thereto, defendant ADDABBO, its agents, servants, employees, contractors, and/or subcontractors rendered continuous medical, emergency medical, diagnostic, consulting, neurologic, and/or other medical care, treatment and services to plaintiff VERONICA BENNETT.

19. From on or about February 22, 2017, and prior and subsequent thereto, defendant UNITED STATES OF AMERICA, and/or its employees, servants, agents, and/or contractors, breached their duty to plaintiff VERONICA BENNETT.

20. From on or about February 22, 2017, and prior and subsequent thereto, defendant UNITED STATES OF AMERICA, and/or its employees, servants, agents, and/or contractors were negligent, reckless, breached their duty, departed from accepted standards of care and treatment, and committed malpractice in the care and treatment rendered to the Plaintiff, with failures, actions, and/or omissions that included, but were not limited to: the failure to timely recognize that the Plaintiff was suffering a stroke(s), the failure to timely and properly diagnose and treat the Plaintiff's signs and symptoms of a stroke, to give medicines including TPA to reverse stroke symptoms, to give anti-platelet and anti-coagulant therapy, and admit and monitor to prevent injury, as well as committing other acts and/or omissions that were departures from the standard of care.

21. From on or about February 22, 2017, and prior and subsequent thereto, defendant ADDABBO, and/or its employees, servants, agents, and/or contractors, breached their duty to plaintiff VERONICA BENNETT.

22. From on or about February 22, 2017, and prior and subsequent thereto, defendant ADDABBO, and/or its employees, servants, agents, and/or contractors were negligent, reckless, breached their duty, departed from accepted standards of care and treatment, and committed malpractice in the care and treatment rendered to the Plaintiff, with failures, actions, and/or omissions that included, but were not limited to: the failure to timely recognize that the Plaintiff was suffering a stroke(s), the failure to timely and properly diagnose and treat the Plaintiff's signs and symptoms of a stroke, to give medicines including TPA to reverse stroke symptoms, to give anti-platelet and anti-coagulant therapy, and admit and monitor

to prevent injury, as well as committing other acts and/or omissions that were departures from the standard of care.

23. The above medical, and neurological care, diagnosis, treatment and services were rendered carelessly, unskillfully, negligently, by defendants UNITED STATES OF AMERICA, and ADDABBO, and not in accordance with accepted standards of medical and radiological care, diagnosis, treatment and services in the community as the standards existed in 2017 and prior and subsequent thereto.

24. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

25. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants owed the plaintiff VERONICA BENNETT a non-delegable duty of care and/or by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, and/or employees.

26. By reason of the above, Defendants are jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the Defendants acted with reckless disregard for the safety of others.

27. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff VERONICA BENNETT suffered serious personal injuries, including, but not limited to, stroke, left side partial paralysis, difficulty ambulating, inability to lift

anything with left hand, difficulty swallowing, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, loss of income, physical impairment, pecuniary damages, and numerous other injuries.

28. By reason of the above, plaintiff VERONICA BENNETT, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $10,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff realleges each and every allegation of the first cause of action.

30. Defendant UNITED STATES OF AMERICA was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

31. Defendant ADDABBO was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

32. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

33. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that

Defendants owed the plaintiff VERONICA BENNETT a non-delegable duty of care and/or by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, and/or employees.

34. By reason of the above, Defendants are jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the Defendants acted with reckless disregard for the safety of others.

35. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff VERONICA BENNETT suffered serious personal injuries, including, but not limited to, stroke, left side partial paralysis, difficulty ambulating, inability to lift anything with left hand, difficulty swallowing, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, and numerous other injuries.

36. By reason of the above, plaintiff VERONICA BENNETT brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $10,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff realleges each and every allegation of the first and second causes of action.

38. Defendant UNITED STATES OF AMERICA, its agents, servants, employees, and/or contractors failed to inform plaintiff VERONICA BENNETT and/or her representatives of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a

reasonable medical practitioner in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto.

39. Defendant ADDABBO, its agents, servants, employees, and/or contractors failed to inform plaintiff VERONICA BENNETT and/or her representatives of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto.

40. A reasonably prudent person in the position of plaintiff VERONICA BENNETT and/or her representatives would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

41. A reasonably prudent person in the position of plaintiff VERONICA BENNETT and/or her representatives would have undergone different treatment than she underwent had she been fully informed.

42. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

43. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

44. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants owed the plaintiff VERONICA BENNETT a non-delegable duty of care

and/or by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, and/or employees.

45. By reason of the above, Defendants are jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the Defendants acted with reckless disregard for the safety of others.

46. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff VERONICA BENNETT suffered serious personal injuries, including, but not limited to, stroke, left side partial paralysis, difficulty ambulating, inability to lift anything with left hand, difficulty swallowing, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, and numerous other injuries.

47. By reason of the above, plaintiff VERONICA BENNETT brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $10,000,000.00.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff VERONICA BENNETT demands judgment against defendants, UNITED STATES OF AMERICA, and JOSEPH P. ADDABBO FAMILY HEALTH CENTER, INC., and against each of them, on the First, Second, and Third Causes of Action in an amount totaling $10,000,000.00, plus interest and costs and attorneys' fees

incurred in this civil litigation, together with such other and further relief at law or in equity that this Court deems just and proper.

Dated:   New York, New York
         January 15, 2019

Yours, etc.,

THE JACOB D. FUCHSBERG LAW FIRM, LLP

By: /s/ Eli A. Fuchsberg
ELI A. FUCHSBERG
Attorneys for Plaintiff
3 Park Avenue, Suite 3700
New York, NY 10016
(212) 869-3500

## **CERTIFICATE OF MERIT**

ELI A. FUCHSBERG, the undersigned, an attorney admitted to practice in the Supreme Court of the State of New York, County of New York, states that he is an associate of The Jacob D. Fuchsberg Law Firm, attorneys for the Plaintiff in the within action. I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:    New York, New York
         January 15, 2019

                                                    _____
                                                    ELI A. FUCHSBERG, ESQ.